PREET BHARARA
United States Attorney for the
Southern District of New York
By:   ALEXANDER J. WILSON
      REBECCA C. MARTIN
      LI YU
      DAVID J. KENNEDY
      JEFFREY K. POWELL
      PETER ARONOFF
Assistant United States Attorneys
One St. Andrew's Plaza
New York, New York 10007
Tel: (212) 637-2453/2714/2734/2733/2706/2697
Fax: (212) 637-0084

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,                       :
                                                :
                Plaintiff,                       :        **CIVIL COMPLAINT**
                                                :
        v.                                       :        15 Civ.  9383
                                                :
$20,000,000 IN UNITED STATES CURRENCY,          :
                                                :
                Defendant-in-rem.                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :
                                                x

        The United States, by its attorney, Preet Bharara, United States Attorney for the

Southern District of New York, alleges for its complaint as follows:

## I.      JURISDICTION AND VENUE

        1.      This action is brought pursuant to Title 18, United States Code, Section 981 by

the United States of America seeking the forfeiture of $20,000,000 in United States currency (the

"Defendant Funds" or the "defendant-in-rem").

        2.      This Court has jurisdiction pursuant to Title 28, United States Code, Section

1355.

        3.      Venue is proper under Title 28, United States Code, Section 1355(b)(l)(A)

because certain actions and omissions giving rise to forfeiture took place in the Southern District

of New York and pursuant to Title 28, United States Code, Section 1395 because the defendant-in-rem has been transferred to the Southern District of New York.

4.　　The Defendant Funds constitute property constituting and derived from proceeds of violations of the federal Anti-Kickback Statute in violation of Title 41, United States Code, Sections 1320a–7b, and property traceable to such property; and are thus subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(l)(C).

## II.　FACTUAL ALLEGATIONS

5.　　From at least 2004 until in or around 2013, Novartis Pharmaceuticals Corporation ("Novartis"), acting through certain employees, violated the Anti-Kickback Statute, 42 U.S.C. §1320a-7b(b) . On or about November 19, 2015, Novartis and the United States entered into a Stipulation and Order of Settlement and Dismissal (the "Stipulation") with the United States in *United States ex rel. Kester* v. *Novartis Pharmaceuticals Corp.*, No. 11 Civ. 8196 (CM)(JCF), wherein, inter alia, Novartis admitted a set of facts set forth in paragraph 2 of the Stipulation (the "Admissions") and agreed to forfeit $20,000,000, *i.e.,* the Defendant Funds, to the United States. The Defendant Funds represent proceeds of Novartis's violations of the AKS. The Stipulation was so ordered by the Court on November 20, 2015, and is attached hereto as Exhibit A.

6.　　As described more fully in the Admissions, and among other conduct in violation of the Anti-Kickback Statute, from February 2007 to May 2012, Novartis offered and paid remuneration to three specialty pharmacies, Accredo, Bioscrip and US Bioservices, in order to induce these pharmacies to recommend to patients to order refills of the drug Exjade, which was sold by Novartis. Novartis was aware that the pharmacies billed and received millions of dollars in reimbursements from Medicare and Medicaid in connection with distributing Exjade to

these patients.  Novartis obtained at least $20 million in proceeds as a result of this conduct.

### III.   THE DEFENDANT IN REM

7.      As part of  Novartis' obligations under the Stipulation, on or about November 27, 2015, Novartis transferred the Defendant Funds to the United States Marshals Service in the Southern District of New York as a substitute *res* for proceeds of its conduct as set forth above. Novartis agrees that the Defendant Funds are subject to forfeiture pursuant to United States Code, Section 981(a)(1)(C).

### IV.   CLAIM FOR FORFEITURE

8.      Incorporated herein are the allegations contained in paragraphs one through seven of this Complaint.

9.      Title 18, United States Code, Section 981(a)(l)(C) subjects to forfeiture "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to ... any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense."

10.      "Specified unlawful activity" is defined in Title 18, United States Code, Section 1956(c)(7), and the term includes, among other things, a "any act or activity constituting an offense involving a Federal health care offense," *id*. § 1956(c)(7)(F). Pursuant to Title 18, United States Code, Section 24, "the term 'Federal health care offense' means a violation of, or a criminal conspiracy to violate" a number of provisions, including the Anti-Kickback Statute, 42 U.S.C. 1320a–7b.

11.      The Anti-Kickback Statute provides, in part, that:

> Whoever knowingly and willfully offers or pays any remuneration (including any kickback, bribe, or rebate) directly or indirectly, overtly or covertly, in cash or in kind to any person to induce such person—
>
> (A) to refer an individual to a person for the furnishing or arranging for the furnishing of any item or service for which payment may be made in whole

or in part under a Federal health care program, or

(B) to purchase, lease, order, or arrange for or recommend purchasing, leasing, or ordering any good, facility, service, or item for which payment may be made in whole or in part under a Federal health care program,

shall be guilty of a felony[.]

42 U.S.C. 1320a–7b(b)(2).

12.     By reason of the foregoing, the Defendant Funds are subject to forfeiture to the United States of America pursuant to Title 18, United States Code, Section 981(a)(l)(C) because the Defendant Funds constitute property derived from violations of the Anti-Kickback Statute.

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the defendant-in-rem and that all persons having an interest in the defendant-in-rem be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the defendant-in-rem to the United States of America for

disposition according to law, and that this Court grant plaintiff such further relief as this Court

may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
      November 30, 2015

                    PREET BHARARA
                    United States Attorney for the
                    Southern District of New York

By:    */s/ Alexander J. Wilson*
            ALEXANDER J. WILSON
            Assistant United States Attorney
            One St. Andrew's Plaza
            New York, New York 10007
            Tel: (212) 637-2453
            Fax: (212) 637-0084

By:    */s/ Rebecca C. Martin*
            REBECCA C. MARTIN
            LI YU
            DAVID J. KENNEDY
            JEFFREY K. POWELL
            PETER ARONOFF
            Assistant United States Attorneys
            86 Chambers Street, 3rd Floor
            New York, New York 10007
            Tel: (212) 637-2734/2714/2733/2706/2697
            Fax: (212) 637-2686

## VERIFICATION

| | |
|---|---|
| STATE OF MASSACHUSETTS | ) |
| COUNTY OF SUFFOLK | : |
| DISTRICT OF MASSACHUSETTS | ) |

PAUL BAUMRIND, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation (AFBI@) and as such has responsibility for the within action; that he has read the foregoing complaint and knows the contents thereof; and that the same is true to the best of his knowledge, information and belief.

The sources of deponent=s information and the grounds of his belief are official records and files of the United States, information obtained by the deponent during his involvement in the investigation, and information obtained by other law enforcement officials during the investigation.

PAUL BAUMRIND
Special Agent
Federal Bureau of Investigation

Sworn to before me this
30ᵗʰ day of November 2015

Notary Public